UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KERRY AND SHEILA MACLEAN** | : | |
| INDIVIDUALLY and HUSBAND & WIFE | : | |
| and as P/N/G of J. L. M. and E. M. | : | |
| 1810 Meadow Ridge Ct. | : | |
| Bethlehem, PA  18015 | : | |
| | : | |
| Plaintiffs, | : | No. 5:17-cv-02085-LS |
| | : | |
| v. | : | |
| | : | |
| **LOWER SAUCON TOWNSHIP** | : | JURY TRIAL DEMANDED |
| 3700 Philadelphia Pike | : | |
| Bethlehem, PA 18015 | : | |
| | : | |
| And | : | |
| | : | |
| **SAUCON VALLEY SCHOOL DISTRICT** | : | |
| 2097 Polk Valley Rd | : | |
| Hellertown, PA 18055 | : | |
| | : | |
| And | : | |
| | : | |
| **ERIC D. KAHLER** | : | |
| Saucon Valley High School | : | |
| 2100 Polk Valley Rd. | : | |
| Hellertown, PA 18055 | : | |
| | : | |
| And | : | |
| | : | |
| **KENNETH NAPAVER** | : | |
| Saucon Valley High School | : | |
| 2100 Polk Valley Rd. | : | |
| Hellertown, PA 18055 | : | |
| | : | |
| And | : | |
| | : | |
| **LORI GAMBLE** | : | |
| Saucon Valley High School | : | |
| 2100 Polk Valley Rd. | : | |
| Hellertown, PA 18055 | : | |
| | : | |
| And | : | |
| | : | |

| | |
|---|---|
| **PAMELA J. BERNARDO** | : |
| Saucon Valley Middle School | : |
| 2095 Polk Valley Rd. | : |
| Hellertown, PA 18055 | : |
| | : |
| And | : |
| | : |
| **THOMAS HALCISAK** | : |
| Saucon Valley Middle School | : |
| 2100 Polk Valley Rd. | : |
| Hellertown, PA 18055 | : |
| | : |
| And | : |
| | : |
| JOHN DOES 1-10 | : |
| | : |
| Defendants. | : |

## AMENDED CIVIL ACTION COMPLAINT

  **I.**  **PARTIES**

1. Plaintiffs, Kerry and Sheila MacLean, individually and as husband and wife, as well as in their capacity as the parents and natural guardians of Plaintiffs, J. L. M. and E. M., who are minors. All Plaintiffs currently reside at the above-captioned address.

2. Defendant, Lower Saucon Township, is a municipality existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania with its primary offices at the above-captioned address.

3. Defendant, Saucon Valley School District, ("School District") is a school district existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania with its primary offices at the above-captioned address.

4. Defendant, Eric D. Kahler is an adult individual with a business address at the above-captioned address. Kahler was the Principal at the Saucon Valley High School until his resignation at the start of the 2016-2017 School Year.

5.     Defendant, Kenneth Napaver is an adult individual with a business address at the above-captioned address. Kahler is the Principal at the Saucon Valley High School since the start of the 2016-2017 School Year.

6.     Defendant, Lori Gamble is an adult individual with a business address at the above-captioned address. At all material times, Gamble was and continues to be the Assistant Principal of Saucon Valley High School.

7.     Defendant, Pamela J. Bernardo is an adult individual with a business address at the above-captioned address. At all material times, Bernardo was and continues to be the Principal of Saucon Valley Middle School

8.     Defendant, Thomas Halcisak is an adult individual with a business address at the above-captioned address. At all material times, Halcisak was and continues to be the Assistant Principal of Saucon Valley Middle School

9.     Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred there from. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below, upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendants, liable to Plaintiffs hereunder.

## II.     JURISDICTION & VENUE

10.    Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C. §1331 as Plaintiffs' action also arises under the Civil Rights Acts of 1871, as amended, 42 U.S.C. § 1981, 1983, 1985, 1988, Title VI and Title IX of the Civil Rights Act, 42 U.S.C.

§2000d et seq., the Fourth and Fourteenth Amendments to the Constitution of the United States for race discrimination and denial of equal protection on the basis of race.

11.     Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does business here, and/or the property which is the subject of this action is situated within this district.

### III.    OPERATIVE FACTS

12.     All of the acts alleged to have been done or not to have been done by the defendants were done or not done by the defendants, their agents, servants, workmen and/or employees acting within the course and scope of their employment and authority for and on behalf of said defendant.

13.     Defendant, Saucon Valley School District is part of Defendant, lower Saucon Township.

14.     Plaintiffs, J. L. M. and E. M. are minors residing in Lower Saucon Township, Pennsylvania with their parents, Kerry and Sheila MacLean since November 2013.

15.     Plaintiff, J. L. M. attends Saucon Valley High School; and Plaintiff, E. M. attends Saucon Valley Middle School.

16.     Since moving to Lower Saucon Township J. L. M. and E. M. have experienced extensive and pervasive racism at Saucon Valley High School and Saucon Valley Middle School on a weekly, if not daily basis.

17.     Plaintiff, J. L. M. has been the victim of verbal abuse and threats of physical violence since he began attending Saucon Valley Middle School and now at Saucon Valley High School on a weekly, if not daily basis.

18.     Plaintiff, E. M. has been the victim of verbal abuse and threats of physical violence since he began attending Saucon Valley Middle School, on a weekly, if not daily basis.

19.     Plaintiffs, J. L. M. and E. M. have been called names such as "coon," "nigger," and "jungle bunny", on a weekly, if not daily basis.

20.     Plaintiffs, J. L. M. and E. M. have been challenged to fights while at school and have been physically shoved in the hallways, on a weekly, if not daily basis.

21.     Plaintiff, J. L. M. has been threatened by students at and after school and, while walking home and on several occasions, has been assaulted.

22.     For example, in early 2014, Plaintiff, J. L. M. attended the middle school dance.

23.     Prior to the event, he had told his parents that another student, J. W. wanted to fight him because of the color of his skin.

24.     At the dance, J. L. M. texted his father, Kerry MacLean several times that J. W. was challenging him to a fight and wanted to go to Dimmick Park to fight (so they would not be caught fighting in school).

25.     Plaintiff, Kerry MacLean drove to the dance and spoke directly to Defendant, assistant principal, Thomas Halcisak about the incident.  Mr. Halcisak located both boys and pulled them into an office and made the boys shake hands and call a truce, but failed to address the ongoing threats made toward J. L. M.

26.     Upon information and belief, the Defendants have punished non-minority students who have attempted to instigate fights with other non-minority students at school events.

27.     On May 16, 2014, at the Saucon Valley Middle School Cafeteria, Plaintiff, J. L. M. was approached by a cafeteria worker and asked to turn out his pockets.  The worker then proceeded to "pat down" J. L. M.'s pockets, physically touching J. L. M. without his permission.

28.     Upon information and belief, Defendant's cafeteria workers have not patted down non-minority students when they are accused of theft.

29.     When Plaintiff, J. L. M. questioned the basis of the search, he was told that someone had allegedly seen him steal something and place it in his pocket.

30.     It was later discovered that another student ("A. V.") had accused J. L. M. of stealing and told the worker.  EXHIBIT A.

31.     Prior to this incident, Plaintiff, J. L. M. had repeatedly related several incidences with the other student A. V. indicating that the two do not get along with Plaintiff, J. L. M. stating that A. V. had repeatedly used racial epithets in their conversations.

32.     On or about March 3, 2015 Plaintiff, E. M. had reported to teachers and his parents for several days that another (male) students, E. W. was inappropriately touching and rubbing up against him, and making inappropriate sexual comments.

33.     E. W. refused to stop in spite of Plaintiff, E. M.'s repeated requests to do so. To protect himself from being assaulted again, Plaintiff, E. M. punched E, W. in self-defense but was punished by school officials. EXHIBIT B

34.     Upon information and belief, the Defendants has not punished non-minority children when they have acted in "self-defense" to stop inappropriate touching from other students.

35.     On April 22, 2015, Plaintiff, E. M. received multiple text messages from a friend H.'s phone.  Apparently, an individual named "T." had taken H.'s phone while they were at Rite-Aid and sent several messages calling Plaintiff, E. M. several derogatory names.

36.     As various incidences kept occurring involving threats and racial epithets, Plaintiffs, Kerry and Sheila MacLean sent an email on April 22, 2015 detailing their concerns to the school administration, and a meeting was arranged on Thursday, April 30, 2015 at 12:30 pm in the Middle School Conference Room.

37. Defendants, Eric Kahler, Lori Gamble on behalf of Saucon Valley High School and Thomas Halcisak on behalf of Saucon Valley Middle School attended the meeting. Defendant, Pamela Bernardo was also supposed to attend, but was unable to attend due to other events.

38. During the meeting, Plaintiffs' concerns were discussed in detail and acknowledged by the administration.

39. Plaintiffs expressed a strong desire to partner with the school to help in any way they could, including serving as a contact point for other parents.

40. Several suggestions were also discussed in the meeting, including the introduction of the "Aevidum" program as well as another upcoming school assembly that, while geared towards addressing bullying and the LGBT concerns in the school, could easily be expanded to include racism and intolerance.

41. Plaintiffs left the meeting feeling encouraged, and there was an initial exchange of emails, but no effort was made by school officials to address the ongoing racial issues. EXHIBIT C.

42. On or about October 14, 2016, J. L. M. was provoked by another student, G. H.'s racist behavior and punched him in his head. J. L. M. was charged with simple assault on October 29, 2016. Plaintiff, J. L. M. and G. H. were suspended from Saucon Valley High School. EXHIBIT D.

43. Upon information and belief, the Defendants have not pursued charges against a non-minority student who punched another student in the head.

44. Plaintiff, J. L. M. was not convicted and his record will be expunged by November, 2017.

45. A recent attempt by Dr. Monica McHale-Small, Superintendent, to limit the display of the Confederate flag on school property is being met with resistance by the school board.

46. When Plaintiff, J. L. M. was in 9th grade, a group of students who identify themselves as "rednecks" approached him one morning as Plaintiff was entering the school and threw or draped a confederate flag around his shoulders. The student who placed the flag on Plaintiff told Plaintiff, J. L. M. to "wear it with pride". Plaintiff, J. L. M. threw the flag to the ground and walked off, but was very intimidated. These students were rumored to wear steel-toed boots and carry knives. The one who put the flag on Plaintiff, J. L. M. was also considerably larger.

47. This same group of students regularly drove pickup trucks to school, flying the confederate flag out of the back of their trucks. These were large flags, maybe 3' x 5' or a bit smaller. These students also displayed the emblem on belt buckles and generally seemed to use it as a way to intimidate Plaintiffs, J. L. M. and E. M.

48. Since students are allowed to wear and promote the symbol in school, it has led to its display at off campus events like a bonfire pep-rally.

49. Recently, a father was seen picking up his son from the high school driving a pickup truck with a confederate flag flying out of the bed of the truck, as described above. This caused a protest by several parents (not including Plaintiffs).

50. At the March 28, 2017 school board meeting, Dr. McHale-Small was presenting the draft proposal resulting from the school's Inclusion Committee. This proposal detailed plans for equity and training to help address the issues in the school, and includes a proposal to limit display of the confederate flag and other symbols associated with hate, such as the swastika.

51. Dr. McHale-Small requested that Plaintiffs, Sheila and Kerry MacLean (Sheila is a member of the Inclusion Committee) be there to provide support, and to get as many people as they could to come as well.  During the meeting, Plaintiff, Kerry spoke to ask the board to not let Dr. McHale-Small's efforts end after her retirement this June. Plaintiff, Kerry MacLean had

planned on saying something about the Confederate flag, but other parents who spoke ahead of Plaintiff did a much better job, so Plaintiff acknowledged what they said. After Plaintiff, Kerry MacLean spoke (and someone after him) one of the board members, Ed Ingrhim, spoke in defense of the first amendment, as covered by the Saucon Source. EXHIBIT E.

52. "Board member Ed Inghrim told parents Kerry and Sheila MacLean that if their family–which includes two sons, in high school and middle school, respectively–"can't handle this day-to-day bigotry, then it's your problem."

53. Inghrim said he traces his lineage back to an ancestor who traveled to America in the early 1600s on the Mayflower, and said it is not the government's responsibility to tell people "what they can say and what they cannot say."

54. "I would suggest that what you say to your kids is, 'hang in there and deal with it,'" Inghrim said."

55. In the afternoon on March 30, 2017, Plaintiff, Kerry MacLean left the house to go for a run, and saw a car from the local TV news (WFMZ, Ch 69) parked in front of his home. Plaintiff, Kerry MacLean approached and asked if he could help them and it turned out that they were looking for the Plaintiffs specifically to address Mr. Inghrim's remarks. Rather than risk mis-characterization (as the school board meeting was recorded), Plaintiffs, Kerry and Sheila MacLean gave them an interview. EXHIBIT F.

56. Defendants failed to take any disciplinary action against the students that subjected J. L. M. and E. M. to racial harassment and have instead punished Plaintiffs' for their actions.

57. Defendants knew or should have known the depth of the verbal and physical abuse suffered by J. L. M. and E. M. on a daily basis and failed to take any appropriate actions to protect them and/or to remedy the situation.

58.     As a direct and proximate result of the acts of the Defendants, Plaintiffs sustained various physical injuries and suffered and will suffer severe mental and emotional distress.

59.     The conduct of the Defendants, was intentional, oppressive, malicious and/or in wanton disregard of the rights and feelings of Plaintiffs, and constitute despicable conduct, and by reason thereof, Plaintiffs demand exemplary and/or punitive damages against the Defendants in an amount appropriate to punish or make an example of them.

60.     Defendants' ratification of conduct and failure to respond to notification of the abuse and/or to stop such abuse and/or to stop such abuse despite their duty to do so, as hereinafter more fully set forth, created an intimidating, hostile, offensive and abusive school environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, et seq.

   IV.    COUNTS OF ACTION

## COUNT I
## Violations of Title VI of Civil Rights Act

61.     Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

62.     Defendants Saucon Valley School District, Saucon Valley Middle School and Saucon Valley High School at all times relevant to this action received Federal financial assistance.

63.     The acts and conduct of Defendants as stated above where Plaintiffs, E. M. and J. L. M. MacLean were subjected to racial harassment and hostile educational environment because of their race in violation of Title, VI Civil Rights Act, 42 U.S.C. §2000d, et seq.

64.     As a direct and proximate result of the said discriminatory practices of the Defendants, Plaintiffs, E. M. and J. L. M. have sustained severe mental anguish, emotional distress, humiliation, and damages to reputation, systemic effect on their education, and financial harm.

## COUNT II
### Violations of Section 1981 – Race Discrimination

65. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

66. The acts and conducts of the individual Defendants as stated above where Plaintiffs E. M. and J. L. M. were subjected to discriminatory practices because of their race by Defendants were violations of the Civil Rights Act, 42 U.S.C. §1981.

67. As a direct and proximate result of said violations of Plaintiffs, E. M. and J. L. M.'s civil rights, Plaintiffs have sustained severe mental anguish, emotional distress, humiliation, and damages to reputation, systemic effect on their education, and financial harm.

## COUNT III
### Violations of Section 1983

68. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

69. Defendants violated E. M. and J. L. M.'s Constitutional rights under the Equal Protection Clause by denying their equal protection because of their race.

70. Defendants violated E. M. and J. L. M.'s Fourteenth Amendment rights when Defendants deprived them of liberty and property rights while Defendants were acting under the color of state law.

71. Defendants violated E. M. and J. L. M. rights under the Civil Rights Act, 42 USC Section 1981, by discriminating against E. M. and J. L. M. because of their race, while acting under color of state law.

72. Defendants were deliberately indifferent to the violations of E. M. and J. L. M.'s Constitutional rights and rights under several federal statutes.

73. The acts and conducts of the Defendants as stated above are violations of the Civil Rights Act 42 U.S. C. Section 1983.

74. In doing each and all of the acts alleged herein, all Defendants were acting under color of State law.

75. All Defendants had a duty to provide and ensure an educational environment for the minor Plaintiffs, E. M. and J. L. M., free of physical assault, intimidation and harassment and to enforce the regulations, rules and laws necessary to protect the minor Plaintiffs, E. M. and J. L. M., from the acts of abuse.

76. All Defendants by their conduct alleged herein intentionally, willfully and without justification did deprive the minor Plaintiffs, E. M. and J. L. M., on grounds of their sex, of their rights, privileges and immunities secured to them by the Constitution and the laws of the United States, including but not limited to, their rights to equal protection of law as provided by the Fourteenth Amendment of the Constitution, and their right to privacy as protected by the Fourth, Fifth and Ninth and Fourteenth Amendments of the Constitution in violation of 42 U.S.C. §1983.

## COUNT IV
**Intentional Infliction of Emotional Distress**

77. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

78. The actions of Defendants were designed to emotionally harm Plaintiffs by overwhelming them in an environment that they were incapable of handling, both emotionally and physically, as a result of their tender years.

79. The conduct of Defendants were intentional, oppressive, malicious and/or in wanton disregard of the rights and feelings of Plaintiffs and constitutes despicable conduct, and by

reason thereof Plaintiffs demands exemplary or punitive damages against Defendants in an amount appropriate to punish them and to deter them and others from such conduct in the future.

## COUNT V
### Violations of Constitutional Right to Bodily Integrity

80. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

81. At all times relevant hereto, the Defendants either in or at the supervision, direction, approval, acceptance, and ratification of, or in concert with, the conduct and activities of the Defendants, and in regard to the safety of students within Saucon Valley School district, were responsible for medical care, social services, and associated treatment of said students, as well as the implementation and enforcement of the Disciplinary Responses and Procedures at Saucon Valley School district.

82. The malicious actions of the Defendants were undertaken in bad faith, in deliberate indifference to, and in callous disregard of Plaintiffs' Constitutional Right to Bodily Integrity under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Article I, § 1 of the Constitution of the Commonwealth of Pennsylvania, and under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, in that these Defendants:

   a) In deliberate indifference to, and in callous disregard of Plaintiffs' constitutional right to bodily integrity and concealed violent by Saucon Valley School District's students, which was certain to result in the additional and aggravated indecent assault of Plaintiff, J. L. M., that occurred on October 14, 2016;

   b) Intentionally veiled and failed to notify, apprise, and/or report to the Lower Saucon Township Police Department, or any other law enforcement agency, the repeated incidents of assaults committed by Saucon Valley School District's students;

c)   Intentionally and recklessly failed to: (i) memorialize, file, and/or report the accurate number of violent incidents to the Pennsylvania Department of Education, as listed in the Annual Report of School Violence and Weapons Possession regarding repeated acts of violence against other innocent Saucon Valley Middle School and Saucon Valley High School's students such as Plaintiff;

d)   Intentionally and recklessly failed to notify, apprise, or report to school authorities or to the Lower Saucon Township Police Department, the repeated incidents of violence and by students within the Saucon Valley School District;

e)   Recklessly allowed and fostered, in deliberate indifference to and callous disregard for students' Constitutional Rights to Bodily Integrity under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and under Article I of the Pennsylvania Constitution, an environment of unabated violence that continued in certain problematic schools within Saucon Valley School District, including Saucon Valley High School and Saucon Vally Middle School;

f)   Failed to adequately train and supervise its administrators and employees operating the daily affairs of the Saucon Valley School District, namely the individual Defendants named herein, thereby causing the constitutional violations of Plaintiffs' rights as referenced above;

83.   All of the aforesaid acts and knowledge of the acts of the other Defendants, caused, directed, approved, and ratified the aforesaid acts which constitute violations of Plaintiffs' Constitutional Rights.

84.   As a direct and proximate result of the Defendants' conduct herein, Plaintiffs, have suffered and will in the future suffer great mental anguish, shame, terror, embarrassment,

humiliation, and physical pain, has incurred and will in the future incur substantial medical, psychological, and hospital expenses for care and treatment; has been prevented in the past and will in the future be prevented from attending to their usual and customary duties, activities, and avocations, all to their great detriment and loss.

85.     As a direct and proximate result of the Defendants' conduct herein, all Plaintiffs have been unable to pursue and enjoy the usual activities of the life of individuals of the Plaintiffs' respective ages, and have suffered a great loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life, all of which have been to their great, collective detriment and loss.

86.     As a direct and proximate result of the Defendants' conduct herein, all Plaintiffs have suffered great mental anguish, shame, terror, embarrassment, humiliation, and/or physical pain up to the date of the filing of this Complaint, all of which have been to their great, collective financial loss.

### COUNT VI
**Violations of Constitutional Right to Equal Protection – Racial Discrimination**

87.     Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

88.     The malicious, conspiratorial actions of the Defendants were undertaken in bad faith, in deliberate indifference to, and in callous disregard of Plaintiff's Constitutional Right to Equal Protection under the Fourteenth Amendment of the United States Constitution, and under Article I, § 1 and § 26 of the Constitution of the Commonwealth of Pennsylvania, and under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, through which Defendants exhibited racially discriminatory intent and whereby the unwritten policy, practice, or custom, of the Defendants selectively denying and/or depriving students attending predominantly minority-populated

schools within Saucon Valley School District, including Saucon Valley Middle School and Saucon Valley High School and in particular, minority Plaintiffs, of equivalent levels of protective services, policies, and procedures actually afforded similarly situated students attending certain, predominantly or significantly, Caucasian-populated schools within Saucon Valley School District.

89. As a direct and proximate result of the Defendants' conduct herein, all Plaintiffs have suffered great mental anguish, shame, terror, embarrassment, humiliation, and/or physical pain up to the date of the filing of this Complaint, all of which have been to their great, collective financial loss.

## COUNT VII
**Willful Misconduct Constituting Intentional & Discriminatory Failure to Provide Adequate or Equivalent Level of Protective Services, Procedures, & Policies**

90. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

91. This Court has supplemental jurisdiction over this claim for relief of the Plaintiff pursuant to 28 U.S.C. § 1367.

92. At all times material hereto, the individual Defendants acted in course and scope of their employment within Saucon Valley School District, under color of state law, and either in or at the supervision, direction, approval, acceptance, and ratification of, or in concert with the conduct and activities of the Defendants named herein, and in regard to the safety of students within the Saucon Valley Middle School and Saucon Valley High School were responsible for medical care, social services, and associated treatment of said students, as well as the implementation and enforcement of the Disciplinary Responses and Procedures at the Saucon Valley Middle School and Saucon Valley High School.

93.     The malicious, conspiratorial actions of the individual Defendants as named above were undertaken in bad faith, in deliberate indifference to, and in callous disregard of Plaintiffs' Constitutional Rights guaranteed under the Fourteenth Amendment of the United States Constitution, Article I, § 1 and § 26 of the Constitution of the Commonwealth of Pennsylvania, and under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, as well as in direct violation of federal and state education laws and regulations, in particular the No Child Left Behind Act of 2001, 20 U.S.C. § 6301 et. seq., and Pennsylvania's Safe Schools Act, 24 P.S. § 13-1301 et seq., regarding mandatory required reporting of known violent incidents occurring on school property, whereby unwritten policy, practice, or custom, Defendants exhibited willful misconduct in intentionally, recklessly, and discriminatorily failing to provide an equivalent level of protective services, policies, and procedures to the Saucon Valley Middle School and Saucon Valley High School students, including Plaintiffs, as provided for in the Saucon Vallley School Districts' official disciplinary policies, responses, procedures, code of conduct, and law enforcement reporting protocols and procedures, and as afforded to students similarly situated at certain other schools within the Saucon Valley School District,

## V.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests this Honorable Court enter judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of seventy-five thousand dollars ($75,000), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

      a. Statutory damages;

      b. Punitive damages;

      c. Compensatory damages, including;

        i.  Actual damages for financial and physical injuries, including but not limited to emotional distress;

   d.  Attorney's fees, costs, and equitable relief.

Respectfully Submitted,

| **WEISBERG LAW** | **SCHAFKOPF LAW** |
|---|---|
| */s/ Matthew B. Weisberg* | */s/ Gary Schafkopf* |
| Matthew B. Weisberg, Esq. | Gary Schafkopf, Esq. |
| Attorney Id. No.: 85570 | Attorney ID No.: 83362 |
| L. Anthony DiJiacomo, III, Esq. | 11 Bala Ave |
| Attorney Id. No.: 321356 | Bala Cynwyd, PA 19004 |
| 7 South Morton Ave. | 610-664-5200 Ext 104 |
| Morton, PA 19070 | Fax: 888-283-1334 |
| 610-690-0801 | |
| Fax: 610-690-0880 | *Attorneys for Plaintiffs* |

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KERRY AND SHEILA MACLEAN : | |
| : | NO.: 5:17-cv-02085 |
| Plaintiff, : | |
| v. : | |
| LOWER SAUCON TOWNSHIP, et al. : | **JURY TRIAL DEMANDED** |
| Defendants. : | |

**CERTIFICATE OF SERVICE**

I, Matthew B. Weisberg, Esquire, hereby certify that on this 12th day of September, 2017, a true and correct copy of the foregoing Plaintiffs' Amended Complaint was served via ECF and e-mail upon the following parties:

Jonathan P. Riba, Esq.
Sweet Stevens Katz & Williams, LLP
331 East Butler Avenue
P.O. Box 5069
New Britain, PA 18901
E-Mail: jriba@sweetstevens.com

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiffs