# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KERRY AND SHEILA MACLEAN, Individually and Husband & Wife and as P/NG of J.L.M. and E.M.<br>    Plaintiffs,<br><br>v.<br><br>SAUCON VALLEY SCHOOL DISTRICT, et al.,<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No. 5:17-cv-02085-LS<br><br>JURY TRIAL DEMANDED |

**DEFENDANT, SAUCON VALLEY SCHOOL DISTRICT'S, ANSWER AND AFFRIMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant, Saucon Valley School District (hereinafter referred to as "District"), by and through its attorneys, Sweet, Stevens, Katz & Williams LLP, presents the following Answer with Affirmative Defenses to Plaintiffs' Amended Complaint and avers as follows:

1. Admitted, upon information and belief.

2. Admitted, upon information and belief.

3. Admitted.

4. Denied. By way of further answer, Mr. Kahler was dismissed as a Defendant in this action by way of stipulation on November 27, 2017.

5. Denied. By way of further answer, Mr. Napaver was dismissed as a Defendant in this action by way of stipulation on November 27, 2017.

6. Denied. By way of further answer, Ms. Gamble was dismissed as a Defendant in this action by way of stipulation on November 27, 2017.

7. Denied. By way of further answer, Ms. Bernardo was dismissed as a Defendant in this action by way of stipulation on November 27, 2017.

8. Denied. By way of further answer, Mr. Halcisak was dismissed as a defendant in this action by way of stipulation on November 27, 2017.

9. Denied.

10. Denied. By way of further answer, the allegations contained in this paragraph are legal conclusions which require no responsive pleading. To the extent a factual averment is contained therein, it is denied.

11. Denied. By way of further answer, the allegations contained in this paragraph are legal conclusions which require no responsive pleading. To the extent a factual averment is contained therein, it is denied.

12. Denied. By way of further answer, the allegations contained in this paragraph are legal conclusions which require no responsive pleading. To the extent a factual averment is contained therein, it is denied. By way of further answer, all the individually named District Defendants named in this lawsuit have been dismissed from the action by way of stipulation on November 27, 2017.

13. Admitted.

14. Admitted, upon information and belief.

15. Admitted.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Admitted, upon information and belief.

23. Denied. The District is without sufficient information to admit to the truth or falsity of the averments contained in this paragraph, therefore, they are denied and strict proof is demanded at the time of trial.

24. Denied. The District is without sufficient information to admit to the truth or falsity of the averments contained in this paragraph, therefore, they are denied and strict proof is demanded at the time of trial.

25. Admitted in part, denied in part. It is admitted that Thomas Halcisak spoke with Kerry MacLean at the dance and located both boys to address the situation and resolved it. The remaining allegations contained in this paragraph are denied.

26. Denied. By way of further answer, the District does not take into account whether or not a student is a minority when issuing discipline.

27. Denied. The District is without sufficient information to admit to the truth or falsity of the averments contained in this paragraph, therefore, they are denied and strict proof is demanded at the time of trial.

28. Denied. By way of further answer, the District does not take into account whether or not a student is a minority when taking action.

29. Denied. The District is without sufficient information to admit to the truth or falsity of the averments contained in this paragraph, therefore, they are denied and strict proof is demanded at the time of trial.

30. Denied. The District is without sufficient information to admit to the truth or falsity of the averments contained in this paragraph, therefore, they are denied and strict proof is demanded at the time of trial.

31. Denied. The District is without sufficient information to admit to the truth or falsity of the averments contained in this paragraph, therefore, they are denied and strict proof is demanded at the time of trial.

32. Denied.

33. Admitted in part, denied in part. It is only admitted that E.M. punched E.W. The remaining averments contained in this paragraph are denied.

34. Denied. By way of further answer, the District does not take into account whether or not a student is a minority when issuing discipline.

35. Denied. The District is without sufficient information to admit to the truth or falsity of the averments contained in this paragraph, therefore, they are denied and strict proof is demanded at the time of trial.

36. Admitted in part, denied in part. It is only admitted that Plaintiffs sent an email on April 22, 2015 and a meeting was arranged on April 30, 2015 to discuss Plaintiffs' concerns. The remaining averments contained in this paragraph are denied.

37. Admitted.

38. Admitted in part, denied in part. It is only admitted that the Plaintiffs' concerns were discussed during the meeting. It is denied that the District acknowledged it had knowledge of such incidents.

39. Admitted in part, denied in part. It is admitted that the Plaintiffs' concerns were addressed as well as ways to handle them. The remaining averments contained in this paragraph are denied.

40. Admitted in part, denied in part. It is admitted that the Plaintiffs' concerns were addressed as well as ways to handle them. The remaining averments contained in this paragraph are denied.

41. Admitted in part, denied in part. It is admitted that the District and the Plaintiffs exchanged emails. It is denied that the School District officials made no effort to address Plaintiffs' concerns.

42. Admitted in part, denied in part. It is only admitted that J.L.M. punched another student in the head and was charged with simple assault. It is also admitted that J.L.M. and G.H. were both suspended. The remaining averments contained in this paragraph are denied.

43. Denied. By way of further answer, the District does not take into account whether or not a student is a minority when issuing discipline.

44. Denied. The District is without sufficient information to admit to the truth or falsity of the averments contained in this paragraph, therefore, they are denied and strict proof is demanded at the time of trial.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied. The District is without sufficient information to admit to the truth or falsity of the averments contained in this paragraph, therefore, they are denied and strict proof is demanded at the time of trial.

50. Admitted in part, denied in part. It is admitted that former Superintendent, Dr. McHale Small, presented a proposal to the District's Inclusion Committee. The remaining averments contained in this paragraph are denied as the proposals speak for themselves.

51. Denied. The District is without sufficient information to admit to the truth or falsity of the averments contained in this paragraph, therefore, they are denied and strict proof is demanded at the time of trial. By way of further answer, any statement made at the Board meeting speaks for itself.

52. Denied. The District is without sufficient information to admit to the truth or falsity of the averments contained in this paragraph, therefore, they are denied and strict proof is demanded at the time of trial. By way of further answer, any statement made at the Board meeting speaks for itself.

53. Denied. The District is without sufficient information to admit to the truth or falsity of the averments contained in this paragraph, therefore, they denied and strict proof is demanded at the time of trial. By way of further answer, any statement made at the Board meeting speaks for itself.

54. Denied. The District is without sufficient information to admit to the truth or falsity of the averments contained in this paragraph, therefore, they are denied and strict proof is demanded at the time of trial.

55. Denied. The District is without sufficient information to admit to the truth or falsity of the averments contained in this paragraph, therefore, they are denied and strict proof is demanded at the time of trial.

56. Denied.

57. Denied.

58. Denied. The District is without sufficient information to admit to the truth or falsity of the averments contained in this paragraph, therefore, they are denied and strict proof is demanded at the time of trial.

59. Denied.

60. Denied.

### COUNT I – VIOLATIONS OF TITLE VI CIVIL RIGHT ACT

61. The Defendants incorporate by reference all prior paragraphs as if fully set forth at length herein.

62. Admitted in part. It is only admitted that the District received federal financial assistance. The remaining averments contained in this paragraph are denied.

63. Denied.

64. Denied.

### COUNT II – VIOLATIONS OF SECTION 1981 – RACE DISCRIMINATION

65. The Defendants incorporate by reference all prior paragraphs as if fully set forth at length herein.

66. Denied. By way of further answer, this claim was dismissed by way of Stipulation on November 28, 2017.

67. Denied. By way of further answer, this claim was dismissed by way of Stipulation on November 28, 2017.

### COUNT III – VIOLATIONS OF SECTION 1983

68. The Defendants incorporate by reference all prior paragraphs as if fully set forth at length herein.

69. Denied. By way of further answer, this claim was dismissed by way of Stipulation on November 28, 2017.

70. Denied. By way of further answer, this claim was dismissed by way of Stipulation on November 28, 2017.

71. Denied. By way of further answer, this claim was dismissed by way of Stipulation on November 28, 2017.

72. Denied. By way of further answer, this claim was dismissed by way of Stipulation on November 28, 2017.

73. Denied. By way of further answer, this claim was dismissed by way of Stipulation on November 28, 2017.

74. Denied. By way of further answer, this claim was dismissed by way of Stipulation on November 28, 2017.

75. Denied. By way of further answer, this claim was dismissed by way of Stipulation on November 28, 2017.

76. Denied. By way of further answer, this claim was dismissed by way of Stipulation on November 28, 2017.

### COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

77. The Defendants incorporate by reference all prior paragraphs as if fully set forth at length herein.

78. Denied.

79. Denied.

### COUNT V – VIOLATIONS OF CONSTITUTIONAL RIGHT TO BODILY INTEGRITY

80. The Defendants incorporate by reference all prior paragraphs as if fully set forth at length herein.

81. Denied. By way of further answer, this claim was dismissed by way of Stipulation on November 28, 2017.

82(a-f). Denied. By way of further answer, this claim was dismissed by way of Stipulation on November 28, 2017.

83. Denied. By way of further answer, this claim was dismissed by way of Stipulation on November 28, 2017.

84. Denied. By way of further answer, this claim was dismissed by way of Stipulation on November 28, 2017.

85. Denied. By way of further answer, this claim was dismissed by way of Stipulation on November 28, 2017.

86. Denied. By way of further answer, this claim was dismissed by way of Stipulation on November 28, 2017.

**COUNT VI – VIOLATIONS OF CONSTITUTIONAL RIGHT TO EQUAL PROTECTION – RACIAL DISCRIMINATION**

87. The Defendants incorporate by reference all prior paragraphs as if fully set forth at length herein.

88. Denied. By way of further answer, this claim was dismissed by way of Stipulation on November 28, 2017.

89. Denied. By way of further answer, this claim was dismissed by way of Stipulation on November 28, 2017.

**COUNT VII – WILLFUL MISCONDUCT CONSTITUTING INTENTIONAL & DISCRIMINATORY FAILURE TO PROVIDE ADEQUATE OR EQUIVALENT LEVEL OF PROTECTIVE SERVICES, PROCEDURES, & POLICIES**

90. The Defendants incorporate by reference all prior paragraphs as if fully set forth at length herein.

91. Denied. By way of further answer, this claim was dismissed by way of Stipulation on November 28, 2017.

92. Denied. By way of further answer, this claim was dismissed by way of Stipulation on November 28, 2017.

93. Denied. By way of further answer, this claim was dismissed by way of Stipulation on November 28, 2017.

WHEREFORE, the District demands judgment in its favor and against Plaintiffs.

## AFFIRMATIVE DEFENSES

AND NOW, comes the District, by and through its attorneys, Sweet, Stevens, Katz & Williams LLP, to present the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, in whole in in part, are barred by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The District did not engage in intentional discrimination under Title VI of the Civil Rights Act of 1964.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs were not subjected to harassment because of their race, color or national origin.

**FIFTH AFFIRMATIVE DEFENSE**

The Plaintiffs were not deprived of access to school resources because of their race, color or national origin.

**SIXTH AFFIRMATIVE DEFENSE**

The Plaintiffs were not excluded from participation in, denied the benefits or opportunities of or subjected to discrimination in an educational program.

**SEVENTH AFFIRMATIVE DEFENSE**

The alleged harassment did not unreasonably interfere with the Plaintiffs' school performance.

**EIGHTH AFFIRMATIVE DEFENSE**

Appropriate officials or employees of the District did not have actual knowledge of the alleged harassment based on race, color or national origin.

**NINTH AFFRIMATIVE DEFENSE**

There was no harassment that so undermines and detracts from the Plaintiffs' educational experience that they were effectively denied equal access to educational resources and opportunities at the District

**TENTH AFFIRMATIVE DEFENSE**

The District took reasonable and appropriate steps to remedy any perceived harassment.

**ELEVENTH AFFIRMATIVE DEFENSE**

The District took reasonable and appropriate steps to remedy any perceived harassment.

11

## TWELFTH AFFRIMATIVE DEFENSE

The District's conduct was not extreme or outrageous.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs did not suffer severe emotional distress and/or bodily harm.

## FOURTEENTH AFFIRMATIVE DEFENSE

The District did not intend to cause emotional distress.

                                              Respectfully submitted,

                                              SWEET, STEVENS, KATZ & WILLIAMS LLP

Date: December 18, 2017            By:   /s/ Jonathan P. Riba
                                                  Jonathan P. Riba, Esquire, PA88095
                                                  331 Butler Avenue, P.O. Box 5069
                                                  New Britain, Pennsylvania  18901
                                                  Attorney for Defendant,
                                                  Saucon Valley School District

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KERRY AND SHEILA MACLEAN, Individually and Husband & Wife and as P/NG of J.L.M. and E.M.<br>       Plaintiffs,<br><br>v.<br><br>SAUCON VALLEY SCHOOL DISTRICT, et al.,<br>       Defendants. | :<br>:<br>:<br>:<br>:  No. 5:17-cv-02085-LS<br>:<br>:<br>:  JURY TRIAL DEMANDED<br>: |

## CERTIFICATE OF SERVICE

   I, Jonathan P. Riba, Esquire, counsel for the Defendant, Saucon Valley School District, hereby certify that a true and correct copy of the foregoing Answer with Affirmative Defenses to Plaintiffs' Amended Complaint was mailed to the following counsel at the following address, *via* regular U.S. Mail, on this date:

Gary Schafkopf, Esquire
Hopkins Schafkopf, LLC
11 Bala Avenue
Bala Cynwyd, PA  19004

Matthew B. Weisberg, Esquire
Weisberg Law, PC
7 South Morton Avenue
Morton, PA  19070

Michael M. Miller, Esquire
Eckert, Seamans, Cherin & Mellott LLC
213 Market Street, 8th Floor
Harrisburg, PA  17101

                                                                                    SWEET, STEVENS, KATZ & WILLIAMS LLP

Date: <u>December 18, 2017</u>              By:   <u> /s/ Jonathan P. Riba              </u>
                                                                        Jonathan P. Riba, Esquire, PA88095
                                                                        331 Butler Avenue
                                                                        Post Office Box 5069
                                                                        New Britain, Pennsylvania  18901
                                                                        t:  (215) 345-9111
                                                                        Attorney for Defendant,
                                                                        Saucon Valley School District