## SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS AGREEMENT, by and between KERRY and SHEILA MACLEAN (hereinafter referred to as "Parents"), as parents and natural guardians of Ethan MacLean and ~~John-Luka~~ Jon-Luc MacLean (hereinafter referred to as "Students" and together with Parents jointly referred to as MACLEAN), and the SAUCON VALLEY SCHOOL DISTRICT (hereinafter referred to as "District" and collectively together with MACLEAN as "PARTIES"), INTENDING TO BE LEGALLY BOUND and IN CONSIDERATION OF THE COVENANTS contained herein, hereby enter into this Settlement Agreement and General Release (hereinafter referred to as "Agreement"), in full and final settlement of all disputes that have or could have arisen between them from the beginning of time until the date of this Agreement.

1.      Dismissal Of All Claims:  MACLEAN agrees to dismiss with prejudice all legal claims and proceedings, whether judicial or administrative, that have been instituted or could have been instituted against the District, whether known or unknown at this time, based on any action whatsoever, cause or thing, in law or in equity, occurring on or prior to the date hereof, and, in particular, without limiting the generality of the foregoing, all claims arising out of or relating to MACLEANs' claims that their children were subjected to race discrimination, racial harassment and a hostile educational environment because of their race, in violation of the Civil Rights Act, Title IX of the Education Amendment of 1972 and the Fourteenth Amendment of the U.S. Constitution and/or any other state or federal statute.  MACLEAN further agrees to specifically dismiss with prejudice all claims that are included, or could have been included, in the federal lawsuit *Kerry and Sheila MacLean, et al. v. Saucon Valley School District*, United States District Court for the Eastern District of Pennsylvania, 5:17-cv-02085-LKC. MACLEANs' failure to take diligent action to dismiss all pending legal actions will constitute a

1/23/2019   Court Exhibit #1

breach of this Agreement.

2.    Monetary Payment:  In full and complete settlement of all claims, and in full and final settlement of all disputes that have or could have arisen between MACLEAN and the District, including claims for attorneys' fees and costs, damages and any other claims, the District agrees to pay MACLEAN Ninety-Six Thousand, Five Hundred Dollars ($96,500.00). The District's insurer, Liberty Mutual Insurance Company shall supply the following payments thirty (30) days after the Agreement is fully-executed by all parties: 1) One Thousand, Five Hundred Dollars ($1,500.00) to MACLEAN for out-of-pocket expenses; 2) Twenty-Five Thousand Dollars ($25,000.00) to Weisberg Law Offices for MACLEANs' attorney's fees and costs; 3) Thirty-Five Thousand Dollars ($35,000.00) for Ethan MacLean, to be held in trust until age twenty-one (21); and 4) Thirty-Five Thousand Dollars ($35,000.00) for ~~John-Luka~~ *Jon-Luc* MacLean to be held in trust until age twenty-one (21).

Terms of Settlement:  The parties agree to the following additional terms of settlement: 1) the District will fund private or parochial school tuition for Ethan MacLean for three (3) years, up to and including the 2020-2021 school year at a cost not to exceed Fifteen Thousand Dollars ($15,000.00) per year; 2) the District will continue its anti-bullying program, for the next three (3) years; 3) the District will provide anti-bias training for all District staff for the next three (3) years; and 4) the District will post the Safe Schools report on its website for three (3) years, starting in the 2018-2019 school year.

3.    General Release.  As a material inducement to the District to enter into this Agreement, MACLEAN, for themselves, their heirs, estate, executors, administrators and representatives, successors and assigns, attorneys and any other persons or entities who may claim through them, hereby release and forever discharge the District, and any of its

administrators, officers, directors, employees, agents, attorneys, insurers, and any other persons or entities who may claim through them from any and all claims, liabilities, demands, and causes of action, whether known or unknown, of every nature whatsoever, which MACLEAN, or anyone claiming by, through or under them has, had or might have had, or could make, from the beginning of time through the date of this Agreement, against the District, including but not limited to any claims, liability, demand and/or cause of action based on or arising out of or relating to any of the claims which have been made or could have been made, including but not limited to any claims, direct or derivative, for attorneys fees, costs and expenses, discrimination or retaliation or breach of confidentiality or civil rights violations, and/or any common law claims, now existing or hereinafter recognized and any item of damage or cost for which an award is possible or an action may be brought either directly or as a derivative action. Consistent with the foregoing paragraphs, excluded from the above release provisions are claims or disputes that may arise after the full execution of this Agreement, as well as claims for disability benefits, state unemployment compensation, or claims to any vested benefits under a state sponsored benefit plan. Claims for a violation of this Agreement are also excluded.

    4.    <u>Acknowledgements</u>: MACLEAN, by signing this Agreement, acknowledge and agree that:

    a.  they understand the terms of this Agreement, including the General Release;

    b.  they had an opportunity to and did review this Agreement, including the concept of the General Release, with their attorneys;

    c.  they understand the meaning and effect of the terms of this Agreement, including the General Release;

    d.  the entry into and execution of this Agreement, including the General Release,

is of their own free and voluntary action without compulsion of any kind; and

e.  no promise or inducement not expressed herein has been made to them.

5.      Confidentiality:  It is understood and agreed and made part of this Agreement that MACLEAN shall not disclose the existence or terms of this Agreement to anyone except to their family, attorney, accountant and as needed to taxing authorities for purposes of paying taxes.  It is further understood that MACLEAN and their attorney, representatives, and/or agents may not in any way seek to publicize or cause to be publicized in any news or communications media, including but not limited to newspapers, magazines, journals, radio, or television, the existence, terms, or conditions of this Agreement.  In addition, the District shall not disclose MACLEANs' claims or the settlement terms except on a need-to-know basis and/or as required by applicable laws or regulations.

6.      Non-Disparagement:     The  Parties  agree  that,  they  shall  not,  in  any communications, criticize, ridicule or make any statement which disparages or is derogatory of the Parties or any of their respective directors or administrators.  This Paragraph does not prevent the Parties from making any reports required by law or testifying truthfully if subpoenaed.

7.      No Admission of Liability:  By entering into this Agreement, the District is not admitting it violated any of the Students' federal rights whatsoever.  The District specifically denies any basis of liability exists.  All Parties agree that this Agreement is being entered into solely for the purpose of avoiding the uncertainty, costs, delay, and the expense of litigation.

8.      Taxes:  It is MACLEANs' responsibility to pay any taxes on the monies received in this Agreement, if applicable.  MACLEAN agree to indemnify and hold the District harmless from any claims, demands, deficiencies, assessments, or recoveries of any government authority assessed against the District because of failure to pay applicable taxes on any portion of the

entire settlement amount.

9.  <u>Medicare</u>:  MACLEAN warrants that they are not Medicare beneficiaries as of the date of this Agreement.  Because the MACLEANs are not Medicare recipients as of the date of this Agreement, no conditional payments have been made by Medicare.  Further, this settlement is based upon a good faith determination of the parties to resolve a disputed claim.  The Parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b).  The Parties resolved this matter in compliance with both state and federal law.  The Parties made every effort to adequately protect Medicare's interest, if any, and incorporate such into the settlement terms.

10.  <u>Liens</u>:  MACLEAN agree that it is their sole responsibility to satisfy all liens from any source, including Medicare and any disability carrier.  MACLEAN shall hold the District harmless and indemnify them in the event of a collection action by Medicare, any disability insurer, SSDI or any other entity.

11.  <u>Law Governing</u>:  This Agreement shall be governed by the laws of the Commonwealth of Pennsylvania.  This Agreement constitutes the entire Agreement and understanding between the Parties concerning the subjects to which it relates or refers.  It supersedes any prior contemporaneous understanding or Agreement, written or oral between the Parties.

12.  <u>Lack of Precedent</u>:  The parties' Agreements in this matter and to the terms hereof shall not set a precedent, be construed as a practice or course of dealing of the District or be used in any manner in an attempt to expand the rights of anyone against the District, it being understood that the decision of the District in this matter is based upon the unique and particular facts of this matter.

13.   <u>Satisfaction and Covenant Not to Sue</u>:  MACLEAN understand, acknowledge and agree that this Agreement is in full satisfaction for all damages, real or claimed, arising as a result of any act or inaction of the District and that they agree not to assert or prosecute any further claims, lawsuits, actions, grievances, action or complaints before any court, arbitrator or administrative body against the District with respect to any of the released claims herein.  If MACLEAN does, they shall pay to the District all attorney's fees, costs, and expenses incurred by the District in defending it against such released claims.

14.   <u>Enforcement</u>:  The Parties agree that this Agreement may be specifically enforced in court and may be used as evidence in a subsequent proceeding in which any of the Parties allege a breach of this Agreement.

15.   <u>Time To Consider Agreement</u>:  MACLEAN has a period a period of at least twenty-one (21) days within which to consider this Agreement.  Further, for a period of seven (7) days following the execution of this Agreement by MACLEAN, they may revoke and rescind this Agreement.  This Agreement shall not become enforceable or effective until the revocation period has expired and all conditions have been satisfied.  If MACLEAN does not revoke or rescind the Agreement within the revocation period, the Agreement shall become fully effective upon all other stated conditions becoming fulfilled, shall be unconditional and shall thereafter be irrevocable.  To revoke or rescind the Agreement within the revocation and rescission period, written notice shall be given by MACLEAN and received at the office of the District's Superintendent within the revocation period. If MACLEAN rescinds or revokes this Agreement, the Agreement shall be null and void.

16.   <u>Severability</u>:  The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision of this

Agreement.

    17.   <u>Counterparts</u>:  In the event that two or more counterparts of this Agreement are

executed, all such counterparts shall collectively constitute the same instrument.

    18.   <u>Modification and Waiver</u>:  No modification or waiver of any of the terms of the

Agreement shall be valid unless in writing and executed with the same formality of this

Agreement.

### CAUTION:  READ THIS ENTIRE AGREEMENT, WHICH CONSISTS OF EIGHTEEN (18) PARAGRAPHS, BEFORE SIGNING YOUR NAME(S) BELOW.

By:  Sheila MacLean                 Date:  9/14/2018

By:  Kerry MacLean                 Date:  9/14/2018

By:  Saucon Valley School District President      Date:  11/20/18

By:  Saucon Valley School District Secretary      Date:  11/21/18